Argued 15 January; decided 19 February, 1900.

## DUNDEE MORTGAGE COMPANY v. GOODMAN.

[ 60 Pac. 3.]

Vendor and Purchaser—Right of Rescission for Fraud.—Under a bond for a deed, defendant entered upon land, and subsequently discovered that a twenty-acre tract, which was the inducement to the purchase, and which was represented as part of the land contracted for, was not within the description in the bond. The vendor's agent promised that the bond should be amended to include said tract, and on this representation defendant was induced to pay an installment due. Subsequently the agent acquired for himself the title to said twenty acres, and thereafter defendant remained in possession of the land described in the bond for more than three years, with knowledge that the fraud complained of could not be remedied, and without seeking a rescission. *Held*, that defendant's continuance in possession, after it became impossible for his vendor to remedy the fraud, amounted to an election to affirm the contract, and deprived him of the right to a rescission because of the fraud.

From Douglas : J. C. Fullerton, Judge.

Suit by the Dundee Mortgage & Trust Investment Company, Limited, against John H. Goodman for the foreclosure of a bond for a deed. From a decree for plaintiff, defendant appeals. Affirmed.

For appellant there was a brief and an oral argument by *Mr. F. W. Benson.*

For respondent there was a brief over the name of *Brown & Tustin*, with an oral argument by *Mr. Geo. M. Brown.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is a suit to foreclose a bond for a deed. It appears that on March 18, 1892, Alexander H. Birrell and wife, in consideration of the defendant's agreement to pay the sum of $1,400 in annual installments of $200 each, with interest at the rate of eight per cent. per annum, executed to him a bond for a deed, wherein they covenanted that, upon the payment of the notes given for said sum, and all taxes and charges accruing against the premises thereinafter described, they would convey to him, by a good and sufficient deed, the northwest ¼ of the southeast ¼, the northwest ¼ of the southwest ¼, and the southwest ¼ of the southwest ¼ of section 2, and the northwest ¼ of section 11, in township 25 south, range 6 west, in Douglas County, Oregon, containing two hundred and eighty acres; it being stipulated that time was of the essence of the agreement. The defendant, by Birrell's license, entered into possession of said premises, paid the first installment of the principal, with interest and taxes, but neglected to make the further payments agreed upon, notwithstanding he retained the possession after the same became due. The plaintiff, having obtained from Birrell, who held the legal title to said land in trust for it, an assignment of the notes and of his interest in the bond, instituted this suit; whereupon the defendant, by his answer to the complaint, sought a rescission of the contract on the ground of the alleged fraudulent misrepresentations by plaintiff's agent with respect to the boundaries of said premises. The cause, being at issue, was tried, resulting in a decree foreclosing the bond, and defendant appeals.

The evidence shows that defendant negotiated for the purchase of said land with J. H. Ray, Birrell's agent, who had a topographical map thereof, upon which was repre-

sented, as fertile bottom land ready for cultivation, a tract of about twenty acres, situated in the northwest ¼ of section 11, the character and value of which constituted the chief inducement to the purchase of the entire tracts. This land having been surveyed in April, 1892, it was discovered that the fertile tract was situated in the southwest ¼ of said section 11, which had been leased by Birrell, and, in September of that year, Ray, having collected the rent from the tenant of the twenty-acre tract, delivered it to the defendant, to whom he stated that the bond for a deed would be so amended as to include said tract, and, relying upon such representation, the defendant was induced to pay the installment which matured in March, 1893. Ray, having thereafter entered into a contract with Birrell for the purchase of the southwest ¼ of said section 11, agreed with defendant that when he obtained a deed therefor he would, upon the payment of $5 per acre, convey to him the said tract of bottom land. Goodman undoubtedly knew, some time in 1893, that he could not secure from Birrell the title to this tract, and his knowledge in this respect presents the question whether he could retain possession, under the license granted, until this case was tried in June, 1897, without offering further to perform his agreement, and, nevertheless, insist upon its rescission.

Ray was evidently led to believe, from an inspection of the map, that the bottom land in question was situated in the northwest quarter of section 11, and his subsequent agreement to convey to defendant land which, as the testimony shows, is worth $20 per acre, for one-fourth of that sum, is a circumstance tending to show that, relying upon the map, Ray represented to defendant that the tract in question was included in the bond. This statement, though honestly made, was nevertheless untrue, and, if it be assumed that Ray's agency authorized him to make

any representations concerning the land, he should have fully informed himself as to the truth thereof before making them, and his failure in this respect would not absolve his principal from liability resulting from his neglect of duty, and his statement, made under such circumstances, is deemed a fraudulent misrepresentation in equity: 2 Pomeroy, Eq. Jur. § 888.

The evidence shows that the twenty-acre tract which defendant failed to secure is of the value of $400, while he testified, as a witness in his own behalf, that the equivalent area in the northwest quarter of section 11 is not worth more than $1.25 per acre, and, if his testimony be true in this respect, he must have sustained damage by reason of Ray's false representations in the sum of $375. For the injury thus sustained equity affords an election of remedies, by permitting the defendant to exercise the option of compelling plaintiff to make good such representations, which is tantamount to a specific performance of the contract, or the defendant may rescind the agreement, thereby causing it to be canceled and set aside. These remedies, however, are not concurrent, and the adoption of one is necessarily the exclusion of the other: *Scott* v. *Walton*, 32 Or. 460 (52 Pac. 180). The party to an agreement who has sustained injury by the false representations of another party thereto must, if he seeks a rescission of the contract, act promptly upon the discovery of the fraud, and place the other party *in statu quo*, by restoring or offering to return that which he has received: *Knott* v. *Stephens*, 5 Or. 235; *Frink* v. *Thomas*, 20 Or. 265 ( 12 L. R. A. 239, 25 Pac. 717 ) ; *Clarno* v. *Grayson*, 30 Or. 111 (46 Pac. 426); *Crossen* v. *Murphy*, 31 Or. 114 ( 49 Pac. 858 ). Any unreasonable delay in this respect is construed as affording evidence of an election by the defrauded party to affirm the agreement, and to rely upon the legal remedy of damages for the injury

sustained: 2 Pomeroy, Eq. Jur. § 897; *Williamson* v. *New Jersey, etc. Ry. Co.* 29 N. J. Eq. 311; *Schiffer* v. *Dietz*, 83 N. Y. 300. Instead of acting promptly, the defendant retained possession of the premises described in the bond more than three years after he knew that the alleged fraud of which he complains would not be remedied, and waited until this suit was instituted before seeking a rescission of the contract. Such conduct evidenced his election to abide by the terms of the agreement, and it is now too late to invoke the relief sought by his answer. It follows that the decree is affirmed.                          AFFIRMED.

Decided 19 February, 1900.