## OWENS v. UNITED STATES.
### No. 14479.

United States Court of Appeals
Eighth Circuit.

June 26, 1952.

Virgil D. Willis, Harrison, Ark. (Willis & Walker, Harrison, Ark., on the brief), for appellant.

Harry Marselli, Sp. Asst. to the Atty. Gen. (Ellis N. Slack, acting Asst. Atty. Gen., S. Dee Hanson, Sp. Asst. to the Atty. Gen., Respess S. Wilson, U. S. Atty., and Hugh M. Bland and Charles A. Beasley, Jr., Asst. U. S. Attys., Fort Smith, Ark., on the brief), for appellee.

Before SANBORN, JOHNSEN and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment of dismissal of an action brought by the appellant for the recovery of fraud penalties assessed against him by the Commissioner of Internal Revenue.

The sole question for decision is whether there was a sufficient evidentiary basis for the determination by the District Court that the appellant taxpayer was liable for fraud penalties, under 26 U.S.C.A. § 293(b), in connection with the assessment of deficiencies in his income taxes for the years 1944, 1945, 1946 and 1947. Section 293(b) provides for the assessment of an additional 50% of the total amount of any deficiency "due to fraud with intent to evade tax." Section 293(a), Title 26 U.S. C.A., provides that in case of a deficiency due to negligence, "but without intent to defraud," a 5% penalty shall be assessed.

The findings of fact, conclusions of law, and opinion of the District Court are reported in 98 F.Supp. 621. Since the factual situation with which the court was confronted and upon which its determination was based is adequately and accurately stated in detail in its findings and opinion, there is no need of repeating what has already been said by that court.

Agents of the Bureau of Internal Revenue in 1949 investigated the correctness of the taxpayer's income tax returns for the

years in suit, and, without difficulty, ascertained from his own records that his return for each of those years was false and that he had grossly understated his taxable income and his tax liability. For the four years, his tax liability, according to his returns, was $13,150.99. His actual tax liability was $49,365.03. He had underpaid his taxes in 1944 by $10,119.69, in 1945 by $11,219.83, in 1946 by $5,393.63, and in 1947 by $9,480.89. Deficiencies were assessed accordingly together with fraud penalties, resulting in a total deficiency assessment for the four years of $54,321.08, of which $18,107.04 represented penalties.

The taxpayer paid the deficiencies, including penalties, but filed claims for refund of $16,296.34, upon the ground that the deficiencies had resulted from negligence "without intent to defraud" and that the assessment of penalties in excess of 5% of the deficiencies was unlawful. The claims for refund were denied, and the taxpayer brought this action to recover the amount of the fraud penalties less 5% of the deficiencies in tax.

The taxpayer testified that the inaccuracies in his income tax returns for the years in suit were not the result of any intent to evade his taxes, but were caused by the stress of his professional work as a physician and surgeon (due to the shortage of doctors in the community which he serves) and by his having inexperienced office help. The District Court regarded his explanation as inadequate and unconvincing.

We think that in an action such as this, when it appears that an intelligent taxpayer with a substantial income, readily ascertainable, has, for a period of several years, made income tax returns which seriously understate his true taxable income and tax liability, the question of whether the resulting tax deficiencies were the result of negligence or of fraud on his part is a question of fact to be determined by the trial court. The question of intent, if at all doubtful, is ordinarily one of fact for the trier of the facts. "Triers of fact are constantly called upon to determine the intent with which a person acted." Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 743, 69 S.Ct. 1210, 1214, 93 L.Ed. 1659. One may be presumed to intend the natural and necessary consequences of his acts. See and compare, Myres v. United States, 8 Cir., 174 F.2d 329, 334 and cases cited, certiorari denied 338 U.S. 849, 70 S.Ct. 91, 94 L.Ed. 520.

The taxpayer's returns for the years in suit were concededly false. The question whether they were also fraudulent and made with intent to evade taxes has, in our opinion, been competently tried and conclusively determined by the District Court.

The judgment appealed from is affirmed.