Samuel H. KLASSIE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16667.

United States Court of Appeals Eighth Circuit.

April 17, 1961.

Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., and F. E. Van Alstine, U. S. Atty., and Philip C. Lovrien, Asst. U. S. Atty., Sioux City, Iowa, on the brief.

Before SANBORN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by taxpayer from final judgment dismissing two complaints for recovery of income tax deficiences, interest and penalties alleged to have been wrongfully assessed and collected. The two cases were consolidated for trial. The dismissal judgment was based upon answers by a jury to special interrogatories determining liability on the part of the taxpayer for the taxes paid and further determining that the deficiency in each of the years involved was due in part to fraud of the taxpayer with intent to evade tax.

In one complaint taxpayer sought refunds of $65,102.18 of income tax deficiencies, fraud penalties and interest for the years 1938 through 1941. In the other complaint taxpayer sought refund of fraud penalties for the years 1942 through 1947 and of additions to tax for substantial· underestimation of tax for the years 1943 through 1947 and of a deficiency of tax for the year 1943.[1]

Claims for refund were filed for amounts involved in both complaints and were denied. It would appear that taxes were assessed and paid as alleged by taxpayer and the timely claims for refund were filed and denied, and that the complaints were timely filed, and that thereby the district court acquired jurisdiction over the controversy. Jurisdiction is conferred upon this court by 28 U.S.C.A. § 1291.

Taxpayer filed timely income tax returns for each of the years here involved and paid the income tax due as reflected

Melford M. Lothrop, Sioux City, Iowa, for appellant; Gill & Dunkle, Sioux City, Iowa, on the brief.

Karl Schmeidler, Atty., Dept. of Justice, Washington, D. C., for appellee; Louis F. Oberdorfer, Asst. Atty. Gen.,

---

1. The complaint alleges that the deficiency in tax for the year 1943 was erroneously assessed and collected by reason of the failure of the Commissioner to forgive three-fourths of the 1943 tax under § 6 of the Current Tax Payment Act of 1943, 57 Statutes, page 145. Taxpayer is entitled to no relief under the Current Tax Payment Act if additions to tax are applicable by reason of fraud.

by such returns. A comparison of taxpayer's net income as reported in his original returns and as adjusted and assessed in 1953 is as follows:

| Year | Net Income Reported on Returns | Assessed Net Income |
|------|------:|------:|
| 1938 | $ 2,462.56 | $ 38,659.80 |
| 1939 | 2,608.69 | 32,367.56 |
| 1940 | 4,660.67 | 33,580.36 |
| 1941 | 3,505.70 | 47,518.08 |
| 1942 | 4,711.75 | 21,171.56 |
| 1943 | 9,895.51 | 15,807.50 |
| 1944 | 9,263.46 | 46,228.03 |
| 1945 | 11,311.45 | 54,608.12 |
| 1946 | 13,928.92 | 50,483.32 |
| 1947 | 12,602.00 | 20,414.19 |
| Total | $74,950.71 | $360,838.52 |

The refund suits involve amounts as set out in the following table:

| Year | Tax | Fraud Penalty | Estimated Tax Penalty | Interest | Total |
|------|------:|------:|------:|------:|------:|
| 1938 | $ 3,531.20 | $ 1,765.60 | $ ...... | $ 3,036.83 | $ 8,333.63 |
| 1939 | 3,629.05 | 1,814.52 | ...... | 2,903.24 | 8,346.81 |
| 1940 | 5,682.96 | 2,841.48 | ...... | 4,205.39 | 12,729.83 |
| 1941 | 16,250.80 | 8,125.40 | ...... | 11,111.99 | 35,691.91 |
| 1942 | ...... | 3,129.44 | ...... | ...... | 3,129.44 |
| 1943 | 3,665.59 | 1,225.88 | 246.33 | 2,902.51 | 8,040.31 |
| 1944 | ...... | 11,172.03 | 1,323.84 | ...... | 12,495.87 |
| 1945 | ...... | 13,937.05 | 1,709.66 | ...... | 15,646.71 |
| 1946 | ...... | 10,689.19 | 1,367.02 | ...... | 12,056.21 |
| 1947 | ...... | 1,734.65 | 276.12 | ...... | 2,010.77 |
| Total | | | | | $118,481.49 |

In his complaint involving the 1938–1941 period, taxpayer is claiming the taxes were wrongfully assessed and collected from him in the amount set out in the foregoing table and is likewise seeking recovery of the civil fraud penalties and interest.

Collection of the 1938–1941 taxes is barred by the statute of limitations unless it is established that the taxpayer made a false or fraudulent return with intent to evade tax, in which event § 276 Int.Rev.Code 1939, 26 U.S.C.A. § 276, permits the collection of the tax at any time. Thus, as to the 1938–1941 complaint, the fraud issue is vital both upon the question of the bar of the statute of limitations and upon the validity of the imposition of the civil fraud penalties.

The jury by answers to special interrogatories found taxes due in amounts exceeding those collected for the years

1938–1941 and specifically found that the deficiency in tax owed for each of the years was due in part to fraud with intent to evade tax.

The court as to the complaint involving the years 1942–1947 instructed the jury that taxpayer's net income for such period is not in dispute, the court stating:

> "His total taxable net income for those years, according to his original tax returns, was $51,713.09. It was later increased and settled at $208,712.72, and the only issue which is before you as to those years or either of them, is the question whether or not Mr. Klassie fraudulently reported the smaller incomes for purpose of evading payment of tax. Here, again, the Government has the burden of proving such fraudulent intent by clear and convincing evidence."

No exception was taken to such instruction and in our view it properly states the issue for consideration with relation to the 1942–1947 complaint. The jury found as to each of such years that the deficiency in tax was due in part to fraud with intent to evade tax.

Taxpayer at the close of all the evidence moved for a directed verdict on the 1937–1941 complaint upon the ground that the Government had failed to prove its net worth statement upon which the Government based its assessment for such years, and the further ground that the Government had failed to prove fraud for any of such years. The motion for directed verdict on the complaint involving the years 1942–1947 is upon the ground that the Government had failed to establish fraud. The taxpayer renewed the contentions made in his motions for directed verdict in a motion for judgment n. o. v. All of the motions were overruled, and judgment dismissing the complaints was entered. Timely appeal has been taken from the judgment dismissing the complaints.

As a basis for reversal, taxpayer urges:

1. The court erred in ruling that the burden of proof rests upon the taxpayer.

2. The court erred in overruling his motions for directed verdict and judgment n. o. v. because there was no legally sufficient evidence upon which to base a finding of fraud with intent to evade the tax.

 We shall first consider the burden of proof issue. It is firmly established that the burden of proving fraud with an intent to evade tax is upon the Government and this is true whether the case is tried in the tax court or the district court. Carter v. Campbell, 5 Cir., 264 F.2d 930, 939; Hargis v. Godwin, 8 Cir., 221 F.2d 486, 489; Owens v. United States, 8 Cir., 197 F.2d 450.

Section 1112, Internal Revenue Code, 1939, 26 U.S.C.A. § 1112, provides:

> "In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Commissioner."

 It is clear that the burden of proving fraud is upon the Government both for the purpose of establishing such fraud as a basis for avoiding the bar of the statute of limitations as to the 1938–1941 taxes and for the purpose of justifying the imposition of the civil fraud penalties provided by § 293(b) Int.Rev. Code 1939, 26 U.S.C.A. § 293(b), as to all tax years here involved. Bryan v. Commissioner, 5 Cir., 209 F.2d 822, 825.

The Government in pretrial conference conceded that the burden was upon it to establish fraud and has at no time either in the trial court or here asserted otherwise. The trial court in its instructions to the jury in five places stated that the burden of proof was upon the Government to establish fraud and in three of such instances expressly stated that the burden is upon the Government to prove fraud by clear and convincing evidence.

Taxpayer apparently bases his burden of proof claim of error largely upon a statement made by the trial court before

the selection of the jury, as follows: "The burden of proof rests with the plaintiff in this case." Thereupon Mr. Dunkle, counsel for the taxpayer, stated:

"If it please the Court, at this time plaintiff takes exception to the Court's ruling on the matter of going forward with the burden of proof in that under the law, the defendant, rather than the plaintiff, should go forward with the proof as to the years 1938, 1939, 1940 and 1941."

■ It seems clear from the record as a whole that the court was not ruling that the burden of proof on the fraud issue was upon the taxpayer and that taxpayer's counsel interpreted said ruling as applying only to the 1938–1941 complaint, as to which the taxpayer was contesting the legality of the assessment of the deficiency. Except upon the fraud issue, the burden was upon the taxpayer to overcome the presumption of correctness of the Commissioner's determination of the deficiency. Gunn v. Commissioner, 8 Cir., 247 F.2d 359, 362; Carter v. Campbell, supra; Bryan v. Commissioner, supra.

Taxpayer opened the introduction of testimony by producing one of his accountants who gave testimony bearing upon the deficiency assessed for the 1938–1941 period. No evidence was offered at that time bearing upon the fraud issue. The taxpayer then rested his case as to the 1938–1941 period and moved for a directed verdict, which was overruled. Thereafter the Government offered its evidence, including evidence in support of the fraud issue, whereupon taxpayer testified on his own behalf and produced other witnesses. A full opportunity was afforded all parties to present evidence upon all issues.

While taxpayer makes broad claims on the burden of proof issue, the essence of his complaint appears to be that he was entitled to hear the Government evidence on fraud so that if the Government failed to establish a submissible issue of fraud, the 1938–1941 assessment would be barred by the statute of limitations and the taxpayer would not be required to offer evidence to show the assessment erroneous. The Government did in fact during the course of the trial offer substantial evidence on the fraud issue, which will be hereinafter discussed.

■ The trial court has a large discretion in determining the order in which parties present their proof. Cwach v. United States, 8 Cir., 212 F.2d 520, 525; Braatelien v. United States, 8 Cir., 147 F.2d 888, 893.

■ Here each party had the burden of proof upon separate, distinct issues. We are not convinced that the court committed error in directing the order of procedure in the manner in which it did. In any event, we are certain no prejudicial error resulted as each party had a full opportunity to introduce evidence upon all issues and the court in its instructions repeatedly and clearly advised the jury that the burden of proof was upon the Government on the fraud issue.

We now pass to the issue of the sufficiency of the evidence on the fraud issue to support the verdict. Taxpayer in his brief states:

"We submit that in this case the rule that a jury's verdict will not be set aside on appeal 'if there is any substantial testimony on which it may fairly be based,' does not apply; the words 'clear and convincing' should be substituted for 'substantial,' under the decisions hereinabove cited. Possibly that is unimportant, however, as there was, in fact, no testimony at all of fraud."

Many cases do contain the statement that the Government has the burden of proving a fraudulent intent to evade tax by clear and satisfactory evidence. See Mertens, Law of Federal Income Taxation, Vol. 10, § 55.18.

In Gunn v. Commissioner, 8 Cir., 247 F.2d 359, 365, the court said:

"The question of whether there had been fraud with intent to evade taxes, under 26 U.S.C.A., Int.Rev. Code of 1939, § 293(b), was one of fact for the Tax Court on the ele-

ments as a whole, of the circumstances, conduct and incidents related to the taxpayer's business and attendant upon his tax returns, and one which we are not entitled to disturb, where, as here, it rests on clear and convincing evidence. 10 Mertens, Law of Federal Income Taxation, § 55.11."

■ We may, for the purposes of this appeal, accept the test urged by the taxpayer. We are satisfied that the Government has offered substantial evidence sufficient to warrant a finding that the Government has met its burden of proving fraud with intent to evade tax by clear and convincing evidence for each of the tax years.

Taxpayer places considerable reliance upon Carter v. Campbell, 5 Cir., 264 F.2d 930, and quotes extensively from the opinion in that case. There a divided court reversed a judgment for the Government and remanded because it could not ascertain from the record whether the trial court had made a finding of fraud or, if such finding was made, whether proper standards had been applied. The court expressly disclaims making any determination of the sufficiency of the evidence to support a finding of fraud. In our present case, the court applied the proper standards as reflected by its instructions to the jury that the burden was upon the Government to prove fraud with intent to evade tax by clear and convincing evidence. The jury by its answer to specific interrogatories found such fraud to exist.

■ It is a well established rule that in considering the sufficiency of evidence to support a verdict, the evidence must be viewed in the light most favorable to the prevailing party and that such party is entitled to all favorable inferences that may reasonably be drawn from the facts proven. National Alfalfa Dehydrating & Milling Co. v. Sorensen, 8 Cir., 220 F. 2d 858, 862.

In Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 290–291, 80 S.Ct. 1190, 1199, 4 L.Ed.2d 1218, the court states: "Where a jury has tried the matter upon correct instructions, the only inquiry is whether it cannot be said that reasonable men could reach differing conclusions on the issue."

■ The question of whether a substantial understatement of income is due to fraud is ordinarily one of fact. Fraud is never presumed. Fraud may be established by direct or circumstantial evidence. A consistent pattern of underreporting large amounts of income over a period of years is substantial evidence bearing upon an intent to defraud, particularly where the reason for such understatement is not satisfactorily explained or shown to be due to innocent mistake. Lusk v. Commissioner, 7 Cir., 250 F.2d 591, 594; Schwarzkopf v. Commissioner, 3 Cir., 246 F.2d 731, 734; Kurnick v. Commissioner, 6 Cir., 232 F.2d 678, 681; Hargis v. Godwin, supra; Owens v. United States, supra.

In the Schwarzkopf case the court, in response to defendant's contention that the Government had failed to sustain its burden of proving fraud, states:

"This point shall not long detain us. Even if this case were devoid of the usual indicia of fraud, the consistent failure to report substantial amounts of income over a number of years, standing alone, is effective evidence of fraudulent intent." 246 F.2d 734.

In Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 137, 99 L.Ed. 150, where a criminal conviction for tax evasion was upheld, the court states:

"Here, however, there was evidence of a consistent pattern of underreporting large amounts of income, and of the failure on petitioners' part to include all of their income in their books and records. Since, on proper submission, the jury could have found that these acts supported an inference of willfulness, their verdict must stand."

In Owens v. United States, 8 Cir., 197 F.2d 450, 451, we said:

"We think that in an action such as this, when it appears that an in-

telligent taxpayer with a substantial income, readily ascertainable, has, for a period of several years, made income tax returns which seriously understate his true taxable income and tax liability, the question of whether the resulting tax deficiencies were the result of negligence or of fraud on his part is a question of fact to be determined by the trial court."

We now look to the facts in light of the law as above stated. During the ten year period here involved, taxpayer reported a total net income of $74,950. The assessed net income totalled $360,000. The assessed income for the years 1942–1947 in the amount of $208,712 is not challenged by the taxpayer.

The taxpayer does dispute the net income tax figures for the 1938–1941 period. Many of the taxpayer's records and checks for this period had been lost or discarded, leaving insufficient records to permit the computation of taxpayer's net income in the usual way. The Government computed the tax liability for this period on a net worth basis. The Government, over taxpayer's objection, introduced in evidence at the trial a net worth statement that differed somewhat from the one on which the deficiency assessments were based in showing a greater tax liability than the earlier net worth statement. Such computation was accepted by the jury, as reflected by its verdict. The Government has not, however, made any attempt to collect any greater tax or penalties based upon the larger net worth determinations and is apparently standing upon the assessments based upon the earlier net worth statement. The figures, upon which the net worth statement introduced at the trial are based, are taken from the stipulation of the parties, from an affidavit furnished by the taxpayer and from evidence established at the trial. There is also in evidence a number of financial statements of the taxpayer, given by the taxpayer during the period, which tend to support the net worth computations. The taxpayer has not as a matter of law

met the burden of overcoming the presumption of correctness attached to the deficiency determinations and assessments made by the Commissioner for the 1938–1941 period.

We need not base our affirmance of the fraud determination solely upon the substantial and practically uncontroverted evidence of large understatements of income for each of the tax years. Our examination of the record, including the original transcript of the testimony, discloses additional evidential basis for a determination of fraudulent intent by clear and satisfactory evidence. We shall not attempt to detail all the evidence bearing upon the fraud issue, but point to the following items:

1. During the years 1938–1941 taxpayer substantially understated his closing inventory for each of such years, thereby increasing his cost of goods sold and decreasing his reported income. During this period there is considerable evidence that the taxpayer was actually building up his inventory. Taxpayer in an affidavit furnished the revenue agent admitted that the value of his inventory at cost on December 31, 1938, was $90,312, and was reported in his 1938 return at $61,378. Corresponding figures for other years are:

1939—Value $110,649. Reported $59,000.
1940—Value $130,967. Reported $60,120.
1941—Value $162,299. Reported $44,791.

The reported value of the closing inventory ultimately became so low that further reductions in closing inventory values were no longer feasible.

2. For the years 1942, 1943 and 1946, the taxpayer understated sales by $40,000 in each year. Sales for 1944 were understated by $24,600 and for 1945 by $38,000. These discrepancies were discovered when the revenue agent checked and analyzed the taxpayer's bank deposits. Taxpayer's explanation of this understatement is that he thought his books reflected the full list price of merchandise sold upon which trade-ins were accepted and that when trade-ins were sold they were again reflected as sales,

and that this adjustment was made to offset duplicate reports of sales. Taxpayer's original records, when ultimately obtained by the revenue agent, showed that only the net difference between the sale price and trade-in allowance was recorded as a sale in taxpayer's books. Taxpayer's bookkeeper so testified and further stated that taxpayer had told her to record the sales in such manner.

3. Testimony of revenue agents that taxpayer initially gave them false and incomplete records of his income, and was not cooperative.

4. Testimony of revenue agents that taxpayer initially withheld consent to examine his bank accounts and that he failed to disclose an account maintained by him in a bank at Britt, until later in the investigation proceedings and after he had employed an accountant and counsel.

5. Taxpayer was convicted of filing a fraudulent income tax return for 1946.

6. Other evidence relating to a few double deductions and several instances where capital expenditures were deducted as ordinary business expense.

Taxpayer has offered evidence in support of his contention that he is not guilty of fraud. Taxpayer as a witness specifically disclaimed any fraudulent intent and there is no direct evidence that the taxpayer has ever admitted or stated that he was guilty of any fraud. Direct evidence of fraudulent intent is seldom available and said intent must usually be established by circumstantial evidence. The jury was not compelled to accept taxpayer's evidence as an interested party as true or conclusive. Taxpayer's evidence as to his intent was before the jury for their consideration under proper instructions.

We conclude that there is clear and convincing evidence to support the jury's determination that the deficiencies in tax were due in part to fraud of the taxpayer with intent to evade tax. The court committed no error in overruling taxpayer's motions for directed verdict and judgment n. o. v.

Our examination of the record convinces us the taxpayer failed to demonstrate that the trial court committed any prejudicial error entitling him to a reversal and that the taxpayer had in all respects a fair trial.

The judgment appealed from is affirmed.