**Leonard Curtis FRAKER, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 16734.**

United States Court of Appeals Ninth Circuit.

Sept. 29, 1961.

Lawrence A. Merryman and Carl Minton, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert John Jensen, Asst. U. S. Atty., Chief, Criminal Division, Ernest A. Long, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS, and JERTBERG, Circuit Judges, and LING, District Judge.

STEPHENS, Circuit Judge.

Appellant was indicted with two others under a one count indictment wherein he was charged with aiding, abetting, counseling, inducing, and procuring the commission of a robbery of a national bank under Title 18 United States Code Section 2 and Section 2113(a) (d). The charge involved the robbery of a messenger of the Bank of America National Trust and Savings Association, Arroyo-Colorado Branch, located in Pasadena, Los Angeles County, State of California. The other two named in the indictment entered a plea of guilty. Appellant, after consultation with counsel, waived his right to trial by jury. The trial ensued as to him alone, and appellant was adjudged guilty. From the judgment of

the District Court, appellant brings this appeal, which the court has jurisdiction to entertain and review under the provisions of Sections 1291 and 1294 of Title 28 United States Code.

Appellant specifies four allegations of error. First, that the court erred in finding appellant guilty because there is no substantial evidence to support the judgment. Basically, it is appellant's contention that although he was guilty of a crime, it was not the crime for which he was indicted and found guilty. Specifically, he asserts that the crime which he agreed to was the robbery of the business establishment to whom the bank messenger was to deliver the money, not the robbery of the messenger. To accept this contention, this court would be compelled to reject the testimony of appellant's accomplices, who testified and who were believed in their testimony by an experienced trial judge, that appellant planned the robbery. Further, we would have to reject the testimony of two other witnesses who by their testimony linked appellant to the planning of the crime for which he was indicted. Finally, we would have to ignore the manner in which the crime was committed, which strongly suggests, as was noted by the trial judge, that the crime committed was the crime planned. In fact, the only testimony tending to substantiate appellant's claim is his own, which the trial judge expressly disbelieved. In this appeal, appellant claims that the inexperience of his trial counsel prevented the development of this defense. The record clearly shows that the contrary is the case, that his counsel attempted at appropriate occasions by cross-examination to establish appellant's ignorance of the crime for which he was indicted. That counsel failed in this regard tends to show that this defense was without merit far more than if it had not been asserted at all. The verdict of the trial judge as sole trier of fact must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680. Under this rule, we find appellant's first claim without merit.

Appellant's second contention is that certain matter introduced into evidence was the product of an illegal search and seizure, and by virtue of such introduction, the court committed error. It is to be noted that there was neither a pre-trial motion to suppress the evidence now complained of, nor was there an objection to its admission at the trial. In these circumstances, the proper rule is stated in Hill v. United States, 9 Cir., 261 F.2d 483, 489:

> "Rule 51 of the Federal Rules of Criminal Procedure obviates the necessity for taking formal exception to matters occurring during the course of a trial. However, it retains the requirement that in some way alleged error must be brought to the attention of the trial court. An appellate court will not consider matters which are alleged as error for the first time on appeal, except where the evidence complained of, in light of all the facts, so improperly prejudiced appellant * * * as to deny him a fair trial."

Under the facts of this case, even if the search was improper, which conclusion an examination does not support, there was still ample evidence entirely unrelated to the search upon which the court below could have found the appellant guilty as charged. See, for example, the discussion under appellant's first claim, supra. Although unnecessary to our holding, in the interest of full discussion of appellant's claim, the facts complained of are as follows: At approximately 7:30 P.M. on the day following the robbery, appellant was arrested by a Pomona, California police officer upon the basis of a radio message he had received which stated that appellant was wanted for armed robbery, and described both appellant and the car he was driving. The patrolman searched the interior of appellant's vehicle. He was promptly taken to the Pomona City Jail and his car was impounded in a nearby garage. Upon his arrival at the jail, appellant was

booked, and personal items were removed from his person, among which were a wallet and key. The wallet was subsequently found to contain some of the proceeds of the robbery. Upon inquiry, appellant stated the key opened the trunk of his automobile. Approximately one hour and a half after appellant was first apprehended, two agents from the Federal Bureau of Investigation who had been assigned to the bank robbery and who had been looking for appellant arrived for the purpose of taking him to the Pasadena City Jail. Receiving from the Pomona police, inter alia, the key, one of the agents went to the garage where appellant's car was impounded, opened the trunk, and discovered money which was taken from the bank messenger in the robbery. Based upon these facts, it is asserted that the searching of the trunk without appellant's permission and without first obtaining a search warrant, violated the constitutional prohibition against illegal searches and seizures.

Only unreasonable searches and seizures come within the interdiction of the Fourth Amendment, and what is reasonable depends upon the facts and circumstances of each case. Harris v. United States, 331 U.S. 145, 150, 67 S.Ct. 1098, 91 L.Ed. 1399. Certainly here, in view of the fact that appellant was wanted in connection with a bank robbery, the search of the car in which he was arrested would not have been unreasonable had it been conducted in connection with the original arrest. A search may be conducted, extending to agencies within the control of the arrested person, if incident to a valid arrest. United States v. Rabinowitz, 339 U.S. 56, 61, 70 S.Ct. 430, 94 L.Ed. 653. Where the search is not incident to an arrest, search warrants must be procured when practicable. Trupiano v. United States, 334 U.S. 699, 705, 68 S.Ct. 1229, 92 L.Ed. 1663. The question here is whether the search was so disjoined in time from the arrest as to be no longer incident thereto. The key to the trunk of appellant's automobile was not found until personal articles were taken from his person at the time he was booked. It was only at this point that there was an opportunity to search the trunk. The Pomona police took no action as they expected the agents of the Federal Bureau of Investigation to arrive momentarily. When such agents did arrive, they received, inter alia, the key, whereupon they went to the garage where appellant's car was impounded and opened the trunk. In a similar fact situation, such a search has been held valid. Bartlett v. United States, 5 Cir., 232 F.2d 135, 139. We find that this search was not unreasonable in the circumstances presented, and that the opening of the trunk was substantially contemporaneous with appellant's arrest.

Appellant's third contention of error is that statements made by him to federal agents were the result of duress and coercion, and that the admission of one of these statements for the limited purpose of impeachment was error. With respect to a written statement, appellant's counsel did object to its admission on the basis of surprise in that he had been misled as to its existence. Government counsel agreed that this was the case, through inadvertence. The trial court accordingly ruled this statement inadmissible. The oral statement, admitted for the purpose of impeaching appellant was made two days after the acts complained of, about which there is a sharp conflict, and after appellant had been arraigned. No objection was made to the admission of this statement during the trial. Reference is here made to the quotation from Hill v. United States, supra. Apart from the failure to preserve this question for appeal, a fair reading of the record discloses no established facts of coercion, nor is coercion suggested by the totality of circumstances as in Reck v. Pate, 367 U.S. 433, 443, 81 S.Ct. 1541, 6 L.Ed.2d 948. Indeed, considering evidence linking appellant with the crime charged apart from any matter contained in his statements, no reason for coercion existed.

It is not clear from the record why the trial judge admitted the oral statement for the limited purpose of impeach-

ment. Certainly in the absence of clear evidence, we will not indulge in the conjecture of appellant's counsel that the trial judge knew the statement was "tainted."

Appellant's final contention is that the court erred in admitting the abovementioned statement prior to the time he offered testimony. In the absence of coercion, the statement was admissible as part of the Government's case in chief, although not received as such. This being the case, defendant was in no way prejudiced by its admission for the more restricted purpose. And of course, the order of proof was a matter within the discretion of the trial court. Putnam v. United States, 162 U.S. 687, 707, 16 S.Ct. 923, 40 L.Ed. 1118; Klassie v. United States, 8 Cir., 289 F.2d 96, 100; Braatelien v. United States, 8 Cir., 147 F.2d 888, 893. Especially is this true where the trial is conducted, as in this case, without a jury.

The Judgment of the District Court is affirmed.