Rufus Glenn SISK, Petitioner-Appellant,

v.

Ward LANE as Warden of the Indiana State Prison, Respondent-Appellee.

No. 14382.

United States Court of Appeals Seventh Circuit.

May 1, 1964.

William E. Borror, Fort Wayne, Ind., for appellant.

Edwin K. Steers, Atty. Gen., Carl E. Van Dorn, Asst. Atty. Gen., Indianapolis, for appellee.

Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.

KILEY, Circuit Judge.

The decisive question[1] in this habeas corpus proceeding is whether the exclusionary rule announced in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081 (1961), should be applied retroactively to a 1950 search of Sisk's automobile, resulting in seizure of evidence used to convict him in Indiana courts. The question is important because if Mapp is applied retroactively here a federal question is raised which must be answered in light of the recent Preston v. United States, 84 S.Ct. 881.

We hold that Mapp is inapplicable to the Sisk search in 1950, that there is no federal question presented which would invoke the Preston rule, and that for those reasons the district court properly denied the writ.[2]

Sisk was convicted of murder in Indiana in 1951 and sentenced to life imprisonment. His conviction was affirmed by the Indiana Supreme Court, Sisk v. State, 232 Ind. 214, 110 N.E.2d 627 (1953), and certiorari was denied by the United States Supreme Court. 346 U.S. 838, 74 S.Ct. 61, 98 L.Ed. 360 (1953). He filed a petition for writ of habeas corpus in the federal district court in February, 1954, claiming the search of his automobile violated his constitutional right. The petition was denied without hearing, and this court affirmed, Sisk v. Overlade, 220 F.2d 68 (7th Cir. 1955), holding that Sisk was entitled to no relief under Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949). Certiorari was again denied by the United States Su-

---

1. The rule of res judicata is no bar to Sisk's relief in this habeas corpus proceeding even though the legality of the search has been raised and decided by the Indiana courts, and raised in an earlier habeas corpus petition. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

2. The exhaustive opinion of the district court is reported at 219 F.Supp. 507 (N. D.Ind.1963).

preme Court. 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955).

After the Supreme Court's 1961 decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684 (1961), Sisk filed this petition, claiming again the violation of his constitutional rights by the 1950 search of his automobile. The district court applied the Mapp rule, tested the facts of the search by a federal standard,[3] and dismissed the petition. We think the court erred in applying Mapp retroactively. We affirm the decision of the court, however, for the reasons given hereafter.

The district court, after a full hearing, and the Indiana trial and supreme courts, found from the following facts that the search of Sisk's automobile was lawful as incident to a lawful arrest: He had been arrested by an Indiana officer at 7 a. m. on September 4, 1950, Labor Day morning, while in "immediate control" of his automobile. He was driven to sheriff's headquarters where his automobile was towed. A search of the automobile was begun immediately, without a warrant, and clothing and a large, incriminating sum of money were found. After this search the car was barricaded in a garage with a rope tied around it. Six days later the search was resumed, and mats with blood spots were taken from the car. This evidence was admitted, over his objection, at his trial.

After argument in the case at bar, the United States Supreme Court handed down its decision in Preston v. United States, 84 S.Ct. 881, in which it reversed

a federal court conviction for conspiracy to rob a federally insured bank on the ground that the conviction was based on illegally seized evidence. We think the search of Sisk's automobile would be illegal under the rule in Preston because it was "too remote in time or place to have been made as incidental" to the arrest.

The Supreme Court in Mapp applied the new exclusionary rule retroactively to the 1957 search of Miss Mapp's apartment. By its "explication" of the Mapp rule in Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963),[4] the Court has extended the rule to cases pending in the appellate process at the time of the Mapp decision.[5] But the Court has left to speculation the point at which the Mapp rule's backward reach should end. We agree with the Ninth Circuit that the question now is not *whether* Mapp should be given retroactive application, but *where* the line against retroactivity, if any, should be drawn. People v. Hurst, 325 F.2d 891, 895 (9th Cir. 1963), pet. for cert. filed, 32 U.S.L.Week 3360 (U.S., April 14, 1964) (No. 913).

Examination of the language of the Mapp opinion for an answer to the question has been unproductive.[6] Four circuits have given answers which are in disagreement. And we find no answer in decisions giving retroactive application to refined constitutional standards protecting the right to a fair trial.

The Ninth Circuit in People v. Hurst, 325 F.2d 891 (9th Cir. 1963), pet. for cert. filed, 32 U.S.L.Week, 3360 (U.S., April 14, 1964) (No. 913), and the

---

3. The district court tested the search of Sisk's automobile against the "substantially contemporaneous" rule of several pre-Preston cases which upheld the validity of searches of automobiles as incident to lawful arrests. United States v. O'Brien, 174 F.2d 341 (7th Cir. 1949), Bartlett v. United States, 232 F.2d 135 (5th Cir. 1956), Fraker v. United States, 294 F.2d 859 (9th Cir. 1961), and United States v. Fortier, 207 F.Supp. 516 (D. Conn.1962).

4. See also, Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963).

5. See United States ex rel. Campbell v. Rundle, 327 F.2d 153, 164 (3d Cir. 1964). Cf. United States ex rel. Stacey v. Pate, 324 F.2d 934 (7th Cir. 1963), cert. denied, 84 S.Ct. 1341 (U.S., May 18, 1964).

6. United States ex rel. Linkletter v. Walker, 323 F.2d 11, 16 (5th Cir. 1963), cert. granted, 84 S.Ct. 1340 (U.S., May 18, 1964) (No. 999 Misc.). See also, Bender, The Retroactive Effect of an Overruling Constitutional Decision: Mapp v. Ohio, 110 U.Pa.L.Rev. 650, 670 (1962).

Fourth Circuit in Hall v. Warden, Maryland Penitentiary, 313 F.2d 483 (4th Cir. 1963), cert. denied, 374 U.S. 809, 83 S.Ct. 1693, 10 L.Ed.2d 1032, applied the Mapp rule "retroactively" to cases already disposed of in the appellate process when Mapp was decided. The Fifth Circuit in United States ex rel. Linkletter v. Walker, 323 F.2d 11 (5th Cir. 1963), cert. granted 84 S.Ct. 1340 (U.S., May 18, 1964) (No. 999 Misc.), and the Tenth Circuit in Gaitan v. United States, 317 F.2d 494 (10th Cir. 1963), refused to do so.

The Fourth Circuit in Hall thought the Mapp rule was always in the Fourteenth Amendment and that the Supreme Court "found" it in 1961 and applied it to a 1957 search. The Fourth Circuit was plainly influenced in its decision by the death sentence imposed on the evidence seized at a time when Maryland had no exclusionary rule in felony cases.

The Tenth Circuit in Gaitan involved claim of a Fifth Amendment violation on admissibility of evidence in a narcotics case. The court had not the philosophical "assurance" of the court in Hall. It thought that Mapp's overruling of Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949), was a "change in a constitutional interpretation" having the same result, in habeas corpus, as a "change in the constitution itself." It declined to set aside Gaitan's conviction. Its reason was that prohibition convictions under the Eighteenth Amendment were not set aside after the passage of the Twenty-First Amendment. Welch v. Hudspeth, 132 F.2d 434 (10th Cir. 1942), United States ex rel. Randall v. United States Marshal, 143 F.2d 830 (2d Cir. 1944).

The Fifth Circuit in Walker rejected the "traditional Blackstonian view" [7] taken by the court in Hall. It took the "more modern view, as espoused by * * * the legal realists" [8] that the Mapp rule was "made" in 1961 and was therefore prospective. The court refused to apply Mapp retroactively to a 1958 search leading to a "simple burglary" conviction.

In the Hurst narcotics case the Ninth Circuit agreed with the court in Walker that the purpose of the Mapp rule was deterrence of future illegal searches and seizures. However, it disagreed that in California a "wholesale reversal of past convictions" would result from retroactive application, as feared by the Fifth Circuit, because California had its own judicially imposed exclusionary rule since 1955. The court applied the Mapp rule to the 1959 Hurst search because it was two years later than the search in Mapp and because the court thought the protection afforded by the exclusionary rule was a constitutional privilege.

■ We think the exclusionary rule announced in Mapp has been implicit in the Fourth Amendment since the Bill of Rights was adopted, and implicit as against the states since the adoption of the Fourteenth Amendment. But we think that it was not made explicit as a controlling constitutional rule until the Mapp decision in 1961. Consequently we think retroactive application of the rule is not a necessity, as though the rule

---

7. "The traditional Blackstonian view was that a court does not pronounce a new law, but maintains and expounds the old one; when a decision has been overruled, the first one was merely evidence of the law, which had turned out to be erroneous evidence. See Note, 71 Yale L.J. 907, 908 (1962). That is, a judge *finds* the law; he does not *make* it." United States ex rel. Linkletter v. Walker, 323 F.2d 11, 14 (5th Cir. 1963), cert. granted 84 S.Ct. 1340 (U.S., May 1964) (No. 999 Misc.).

8. "[T]he more modern view, as espoused by Mr. Justice Cardozo and the legal realists, is that judges exercise a law-creating function, although, of course, subject to the limitation of unreasonable 'judicial legislation.' See Note, 71 Yale L.J. 907, 911 (1962)." United States ex rel. Linkletter v. Walker, 323 F.2d 11, 14 (5th Cir. 1963), cert. granted 84 S.Ct. 1340 (U.S., May 18, 1964) (No. 999 Misc.). See also, Warring v. Colpoys, 74 App.D.C. 303, 122 F.2d 642, 136 A.L.R. 1025 (1941), cert. denied, 314 U.S. 678, 62 S.Ct. 184, 86 L.Ed. 543.

existed before Mapp and bound state courts. Drawing the line in application of the rule, in our opinion, involves a prudential judgment for each court, until the Supreme Court, of course, makes the ultimate decision.

Comparing the circumstances of this case and our view of the Mapp rule with the circumstances facing the other circuits and their reasons for decision, we find similarities and dissimilarities. The Sisk case before us is a murder case like Hall with a life sentence instead of a death sentence, and Indiana, unlike Maryland in Hall, had its own judicially imposed exclusionary rule when Sisk was convicted. We share, too, the Tenth Circuit's lack of "assurance" of the Fourth Circuit's philosophical notion as our own view set out above indicates. We disagree with the Tenth Circuit's reliance upon its analogy between review of habeas corpus under Mapp and under the prohibition cases after repeal of the Eighteenth Amendment. No right implicit in the Bill of Rights was made explicit by the repeal of the Eighteenth Amendment.

In view of Preston v. United States, 84 S.Ct. 881, we are not as sure as the Ninth Circuit that the Fifth Circuit's dire prediction about "wholesale reversal of past convictions" would not result from un-

limited retroactivity, even in Indiana. But we cannot accept the Fifth Circuit's idea that prospective application only is the just answer. Finally, we agree with the court in Hurst that Fourth Amendment protection is a "Constitutional privilege," but Indiana's exclusionary rule was available for Sisk's protection at the time of his trial. Finally, we are impressed with the Ninth Circuit's reason for applying the Mapp rule to the 1959 Hurst search—that the Supreme Court applied the rule to the 1957 Mapp search. However, the Sisk search was in 1950.

The retroactive application of the Fifth Amendment's 1961 prohibition against coerced confessions to reverse a 1936 conviction in Reck v. Pate, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948 (1961), and the seemingly unlimited retroactivity given the Sixth Amendment's guaranty of right to counsel in the cases [9] following Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), do not control our decision. Those constitutional guaranties go to the very essence of fair trial. They have not been limited to a deterrent purpose as Mapp is.[10] The question before us, therefore, is different.[11]

Nor does Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), compel us to apply the Mapp rule to the Sisk

9. See Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964), Pickelsimer v. Wainright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963), and United States ex rel. Durocher v. La-Vallee, 330 F.2d 303 (2d Cir., March 26, 1964).

10. "[T]he purpose of the exclusionary rule 'is to deter—to compel respect for the constitutional guaranty in the only effectively available way—by removing the incentive to disregard it.'" Mapp v. Ohio, 367 U.S. 643, 656, 81 S.Ct. 1684, 1692, (1961).

"[T]he exclusionary rule's purpose of deterrence, unrelated in any way with actual guilt or the probative value of the evidence has been recognized by the writers. See Traynor 'Mapp v. Ohio at Large in the Fifty States,' 1962 Duke

L.J. 319, 320, 341; Bender, [The Retroactive Effect of an Overruling Constitutional Decision: Mapp v. Ohio, 110 U.Pa. L.Rev. 650, 670 (1962)]; Note 71 Yale L.J. 907, 942 (1962); Note 16 Rutgers L.Rev. 587, 593 (1962)." United States ex rel. Linkletter v. Walker, 323 F.2d 11, 18 (5th Cir. 1963).

See also, People v. Hurst, 325 F.2d 891, 895 (9th Cir. 1963), pet. for cert. filed, 32 U.S.L.Week 3360 (U.S. April 14, 1964) (No. 913).

11. We agree with the Second Circuit that "Gideon and Mapp present quite different questions, and * * * a holding that the former is retroactive by no means compels a similar result" with the latter issue. United States ex rel. Durocher v. LaVallce, 330 F.2d 310 at note 3 (2d Cir., March 26, 1964).

search, even though the Griffin rule [12] was applied retroactively to 1935 in Eskridge v. Washington State Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958). In Norvell v. Illinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963), the Court drew the line against retroactive application of the Griffin rule under the circumstances of that case and showed that retroactivity of that rule was not unlimited.

Indiana in 1923 anticipated the Mapp decision and drew its own constitutional exclusionary rule.[13] Flum v. State, 193 Ind. 585, 590, 141 N.E. 353 (1923). The Indiana Supreme Court when testing the validity of the search of Sisk's automobile found that it was justified because the search "immediately followed" the arrest. We presume the court would have applied the Flum exclusionary rule if it had found the search unreasonable. Had they so found, the Indiana courts were not required under Wolf to measure the search against a federal standard. They measured it against their own standard. Sisk's petition for certiorari was denied. He brought a petition for writ of habeas corpus, which was denied, and the denial affirmed by this court, because at that time illegal searches by state officers did not afford a basis for federal intervention. Certiorari was again denied. We cannot say that more should have been done, or that more was due Sisk, at that time, or is due him now, in human justice.

We see no promotion of the underlying purpose of deterrence of Indiana officers from future illegal searches and seizures by setting aside Sisk's conviction. What shock might result if Sisk's conviction were set aside would likely pass soon, as most shocks do. We think a serious consequence of such judgment would be an unseemly jar to the delicate balance between our federal and state relationships and result in a serious discrediting of the judicial system and the administration of justice. Weighing the probable gain of a temporary shock to law enforcement officials against these serious consequences, we think, points to the right result.

■ We conclude that Mapp should not be given retroactive application to this case, where the search took place seven years before the search of Miss Mapp's apartment,[14] where Indiana had its own exclusionary rule and the trial took place at least six years before Miss Mapp's trial, and where the conviction was final before the Supreme Court's decision in Mapp v. Ohio. On this conclusion we hold that the district court properly denied Sisk's petition.

Attorney William E. Borror, a member of the Indiana Bar, was appointed by the district court to represent petitioner before it. He has continued his representation of petitioner in this court. We express our appreciation to Mr. Borror for his persistent, outstanding service in this assignment.

The denial of petitioner's application is affirmed.

12. The Court held that if appellate review of conviction is an integral part of the trial system, refusal to give a free transcript for purposes of appeal to indigent defendants violated the Due Process and Equal Protection Clauses. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585 (1956).

13. We point out that the other states in this circuit, Illinois and Wisconsin, have conducted trials under judicially imposed exclusionary rules since 1924 (People v. Castree, 311 Ill. 392, 143 N.E. 112, 32 A.L.R. 357 (1924)) and 1923 (Hoyer v. State, 180 Wis. 407, 193 N.W. 89, 27 A.

L.R. 673 (1923)), respectively. See Elkins v. United States, 364 U.S. 206, 227, 232, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (Appendix, Table II) (1960).

14. The search of Sisk's car took place on September 4, 1950. The search of Miss Mapp's apartment took place on May 23, 1957. In the two cases in which the Mapp rule was applied "retroactively" by federal circuit courts of appeal the searches took place *after* the search of Miss Mapp's apartment—on May 18, 1959, in Hurst, and on July 16, 1959, in Hall.