EDWARD STARLING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Starling v. Commissioner
Docket No. 9689-88
United States Tax Court
T.C. Memo 1989-392; 1989 Tax Ct. Memo LEXIS 391; 57 T.C.M. (CCH) 1129; T.C.M. (RIA) 89392; July 31, 1989
Edward Starling, pro se. Victoria Gunn, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: Petitioner, in a motion filed February 3, 1989, moved for summary judgment on grounds which had some resemblance to the legal concepts of double jeopardy, res judicata or collateral estoppel. Petitioner argued that he was entitled to summary judgment because of the preclusive effect *392 of a prior criminal proceeding on the instant civil proceeding. Separately, on April 14, 1989, respondent filed a motion to compel petitioner to produce certain documents sought in his request for production of documents. By an Order dated April 25, 1989, we denied petitioner's motion for summary judgment and, in addition, ordered petitioner to produce or cause to be made available to respondent the documents requested in respondent's production request. This matter is now before the Court on petitioner's motion (filed May 11, 1989) for reconsideration of his denied summary judgment motion. In the alternative, petitioner requests an extension of time within which to produce the requested documents. Subsequent to the issuance of our Order denying summary judgment and the filing of petitioner's motion to reconsider, the United States Supreme Court issued its Opinion in United States v. Halper, 490 U.S. 435, 109 S. Ct. 1892 (May 15, 1989), vacating and remanding 664 F. Supp. 852 (S.D.N.Y. 1987), concerning the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. In denying petitioner's motion for reconsideration, we address the *393 effect of the Supreme Court's Opinion upon our earlier ruling. The Present Civil Tax Case
This case arises from respondent's determination that petitioner, an income tax preparer and "consultant," is liable for deficiencies in his 1984 and 1985 income tax in the respective amounts of $ 53,275 and $ 65,674; and that petitioner is also liable for additions to tax for 1984 and 1985 pursuant to sections 6651(a)(1) [1] (failure to timely file returns), 6653(a)(1) and (2) (negligence, etc.), 6654 (underpayment of estimated taxes) and 6661 (substantial understatement of tax). Respondent based his deficiency determination primarily on the purported understatement of petitioner's 1984 and 1985 gross business receipts in the respective amounts of $ 120,595 and $ 142,400. The additions, all attributable to petitioner's personal income tax and returns, total $ 55,866 for both years plus 50 percent of the interest due on the income tax deficiency amounts. Sec. 6653(a)(2). The Prior Criminal Proceeding
On or about April 11, 1985, a *394 Federal grand jury in the Middle District of Georgia indicted petitioner on 34 counts consisting of the following criminal violations: (1) one count of conspiring to aid and assist in the preparation of false income tax returns of others in violation of section 7206(2) and 18 U.S.C. section 371 (1982), and conspiring to make and subscribe, under the penalties of perjury, income tax returns of others which were not believed to be true and correct in violation of section 7206(1) and 18 U.S.C. section 371 (1982); (2) one count of falsely personating an officer of the United States in violation of section 18 U.S.C. sections 912 and 2 (1982); and (3) 31 counts of aiding and assisting in the preparation of false income tax returns of others in violation of section 7206(2) and 18 U.S.C. section 2 (1982). In accordance with a plea agreement, petitioner pled guilty to the first and second counts, involving conspiracy and false personation, respectively, and one count of aiding and assisting in the preparation of false income tax returns. The United States District Court sentenced petitioner to 5 years imprisonment *395 and imposed a $ 100,000 fine on the first count and 3 years imprisonment and a $ 10,000 fine on the second count -- the two prison terms running concurrently. Petitioner received a suspended sentence on the one count of aiding and assisting in the preparation of false income tax returns, being placed on probation for a period of 5 years. As a condition of his probation, petitioner was precluded from involving himself with anyone's tax returns and was ordered to make restitution to the extent possible. Petitioner is now serving his prison sentence at the Federal Prison Camp, Big Spring, Texas. In United States v. Halper, supra, Irwin Halper, the manager of a company which provided medical service to patients eligible for Federal Medicare benefits, was convicted under the Federal false-claims statute, 18 U.S.C. section 287 (1982), for submitting 65 separate false claims to the Government for reimbursement for services rendered. Section 287, 18 U.S.C., prohibits "make[ing] or present[ing] * * * any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent." Halper *396 was sentenced to imprisonment for 2 years and fined $ 5,000. After his criminal conviction, the Government brought a civil action in the United States District Court against Halper under the civil False Claims Act, 31 U.S.C. sections 3729-3731 (1982), which is violated when "A person * * * (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved." Based on the facts established by Halper's criminal conviction and incorporated in the civil suit, the District Court granted summary judgment for the Government on the issue of liability. Under the remedial provisions of the civil False Claims Act, it appeared that Halper would be liable for a civil penalty of $ 2,000 on each of the 65 false claims, as well as for twice the amount of the Government's actual damages of $ 585 and the costs of the action. The District Court concluded that in light of Halper's previous criminal punishment, an additional penalty of this magnitude (more than 220 times greater than the Government's measurable loss) qualified as punishment in violation of the Double Jeopardy Clause. The Double Jeopardy Clause *397 provides: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * *." The District Court considered the civil act unconstitutional as applied to Halper and, therefore, limited the Government's recovery to double damages of $ 1,170 and the costs of the civil action. The Supreme Court, on direct appeal from the District Court under 28 U.S.C. section 1252 (1982), stated that "the Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." United States v. Halper, 109 S. Ct. at 1897. With respect to the third protection -- the one at issue in Halper and possibly here -- the Supreme Court found that there was no dispute that Halper already had been punished as a result of his prior criminal proceeding when he was sentenced to a jail term and fined $ 5,000; nor was there a dispute that the civil proceeding and the prior criminal proceeding concerned the same conduct, the submission of 65 false claims. The sole issue there, as framed *398 by the Court, was "whether the statutory penalty authorized by the civil False Claims Act, under which Halper [was] subject to liability of $ 130,000 for false claims amounting to $ 585, constitutes a second 'punishment' for the purpose of double jeopardy analysis." United States v. Halper, supra at 1898. In general terms, the Court asked "whether a civil sanction, in application, may be so divorced from any remedial goal that it constitutes 'punishment'" for the purpose of double jeopardy analysis. United States v. Halper, supra at 1899. The Court held that a sanction, civil or criminal, constitutes punishment when the sanction as applied in the individual case serves the goals of punishment -- retribution and deterrence. "[A] civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can be explained only as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term." United States v. Halper, supra at 1902. The Supreme Court therefore held that "under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution *399 may not be subjected to an additional civil sanction [for the same offense] to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." In other words, "the Government may not criminally prosecute a defendant, impose a criminal penalty upon him, and then bring a separate civil action based on the same conduct and receive a judgment that is not rationally related to the goal of making the Government whole." United States v. Halper, supra at 1903. However, the Supreme Court limited this rule to "the rare case, the case such as the one before us, where a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused." United States v. Halper, supra at 1902. In determining whether a civil sanction is "overwhelmingly disproportionate" to the "injuries" suffered by the Government, the Court recognized that the injuries include "not merely the amount of the fraud itself, but also ancillary costs, such as the costs of detection and investigation, that routinely attend the Government's efforts to root out deceptive *400 practices directed at the public purse." United States v. Halper, supra at 1900. Additional ancillary costs would include litigation expenses. The Court acknowledged that this inquiry will not be an "exact pursuit." United States v. Halper, supra at 1902. "[T]he process of affixing a sanction that compensates the Government for all its costs inevitably involves an element of rough justice." United States v. Halper, supra at 1902. The Court therefore remanded the case to the District Court for the Government to present an accounting of and recover its actual costs arising from Halper's fraud. We find that the Supreme Court's holding in Halper is of no assistance to petitioner here. We do not even reach the issue of whether petitioner is entitled to the protections afforded by Halper. We find that petitioner does not satisfy the initial requirement under the double jeopardy analysis that he is being twice punished for "the same offence." In order for the Double Jeopardy Clause to apply, the "offense" being sanctioned in the civil case must be the same as the previously punished criminal offense. "[T]he test to be *401 applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932); see also Brown v. Ohio, 432 U.S. 161, 166 (1977). In the instant case, the additions to tax at issue are not at all dependent on or related to the criminal acts for which petitioner was convicted. The criminal case and this case are factually unrelated: The conduct "punished" in petitioner's criminal case, to the extent relevant here, concerned his involvement in the preparation of false income tax returns of others; the conduct at issue in this case concerns petitioner's alleged failure to properly report and pay his correct income tax. The case before this Court does not involve the situation where respondent is attempting to impose a civil "penalty" against petitioner for his involvement in the preparation and making of the false income tax returns for which he was convicted and sentenced in his criminal case. Therefore, respondent's determination that petitioner is liable for the additions to tax at issue here does not violate the Double Jeopardy *402 Clause. [2]
To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years at issue.↩
2. Because we have determined that the "offenses" at issue in the two proceedings are dissimilar, we need not address whether the additions to tax determined against petitioner are or are not "rationally related to the goal of making the Government whole."↩