JAMES W. BAILEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bailey v. Commissioner
Docket No. 34618-87
United States Tax Court
T.C. Memo 1989-674; 1989 Tax Ct. Memo LEXIS 674; 58 T.C.M. (CCH) 1030; T.C.M. (RIA) 89674; December 27, 1989
Timothy J. Gillenwater, for the petitioner. Aubrey C. Brown, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: For the calendar year 1985, respondent determined a deficiency of income tax in the amount of $ 223,396 against petitioner, together with additions to tax as follows: Section 6651(a)(1) [1]
$ 55,849
Section 6653(a)(1)
11,170
Section 6653(a)(2)
*
Section 6654
12,801
Section 6661
55,849
*675 After concessions, we must determine whether respondent erred in his determination of a deficiency and additions to tax against petitioner for 1985, using the source and application of funds method. The case was submitted to the Court on a full stipulation of facts, pursuant to the provisions of Rule 122, and all such stipulated facts are incorporated herein by this reference. At the time of the petition herein, petitioner was a legal resident of Elyria, Ohio. On January 1, 1985, petitioner had no assets and owned no property. During that year, petitioner was a member of a group that possessed and sold illegal drugs, including cocaine and other controlled substances. The drug sales transactions conducted by petitioner were cash transactions. Petitioner kept no books or records, nor did he file an *676 income tax return for 1985. On December 3, 1985, petitioner was arrested in Detroit, Michigan. He later was indicted for illegal dealings in narcotics, pled guilty, and was sentenced to a term of imprisonment. At the time of his arrest, petitioner possessed narcotics with a street value of $ 130,000, as well as $ 67,575 in cash, which represented proceeds from petitioner's drug activities in 1985. During 1985, petitioner used proceeds from his drug sales to increase his inventory of narcotics in the amount of $ 60,000. Petitioner used $ 140,077 of such proceeds to acquire various items of personal property, including motor vehicles, farm equipment, cattle, guns, clothes, and furniture and appliances. Petitioner also spent $ 150,000 of such drug proceeds for the acquisition of real estate, increased his cash holdings by $ 74,575, and spent $ 17,129 in personal living expenses. All the above purchases by petitioner are attributable to his 1985 income, and all such income, or the property purchased therewith, was in the possession, dominion and control of petitioner, until seized by the Michigan Police and/or the Drug Enforcement Administration (DEA) at or shortly after the *677 time of petitioner's arrest in 1985. During that same month, the DEA also seized $ 7,000 in cash, representing further proceeds of petitioner's illegal drug activity, in Glasgow, Kentucky. In 1986, a civil action was instituted in the United States District Court for the Western District of Kentucky, seeking the forfeiture to the United States of property obtained with the proceeds of illegal drug activity. Similar complaints were filed by the United States and the State of Michigan or the Detroit Police Department with respect to other seized property in that jurisdiction. [2] Notification of such proposed seizures was given both by letter to petitioner and others and by publication. Petitioner thereafter petitioned for the release and return of certain of the seized personal property, as well as certain real estate. Respondent filed no claim in the District Court forfeiture proceedings for alleged taxes owing from petitioner. On May 13, 1987, pursuant to a settlement agreement entered into between the United States, petitioner, and other members of the Bailey family, an "Agreed Order of Dismissal" *678 was entered by the United States District Court for the Western District of Kentucky, in which certain assets were forfeited to the United States in the civil condemnation action, and certain other assets were returned to petitioner and other members of the Bailey family. The returned assets were to be returned free and clear of all liens except the prior lien of petitioner's counsel. On May 27, 1987, respondent gave petitioner notice of a jeopardy assessment of income tax and additions to tax for tax year 1985. As provided by law, a formal notice of deficiency was issued to petitioner within 60 days thereafter. In that notice of deficiency, as compared to the prior jeopardy assessment, certain concessions were made with respect to petitioner's income by respondent, the addition to tax for fraud under section 6653(b) was eliminated, but additions to tax under sections 6651(a)(1), 6653(a)(1) and (2), 6654, and 6661 were made. Respondent determined that petitioner had a net taxable income of $ 456,805, and his determinations, as reflected in his statutory notice of deficiency, form the basis of the present case. The above-mentioned civil proceeding in the United States District *679 Court for the Western District of Kentucky was an in rem forfeiture proceeding, initiated pursuant to 21 U.S.C. § 881 (1982), and the proceeding, the settlement agreement, and the agreed order of dismissal entered therein were confined solely to the subject of the Government's right to forfeit certain property of petitioner. There is no reference in any such documents to petitioner's income tax liabilities for any year. Petitioner makes a number of arguments herein in support of his position, of which four are worthy of mention. I. Petitioner argues that the income attributed to him by respondent should not be deemed "income" to him for income tax purposes because all right, title, and interest in such proceeds vested in the United States immediately upon their receipt. Alternatively, all such money and property was seized by the United States prior to the close of the taxable year; therefore, petitioner claims that he made "restitution" of the funds prior to the close of tax year 1985, thus creating an offsetting deduction in the amount of the seizure. Petitioner's argument based upon lack of "claim of right" is without merit. In the first place, *680 it is not established in this record that the computation of petitioner's taxable income resulted entirely from drug activity, although the record certainly strongly suggests that a large part of it was so derived. Nevertheless, respondent's determination of additional income is not based at all upon identifying such income as the result of dealing in narcotics. Rather, it is based upon an analysis of the source and expenditure of petitioner's funds, which may have been derived from any source. The facts in this case show that petitioner, when he received money for drugs (or from other sources), acknowledged no one else's claim to the money; he took it and exercised dominion and control over it. He bought other assets with it. He had at least as much claim of right thereto (even though perhaps erroneous) as the taxpayer-embezzler in James v. United States, 366 U.S. 213 (1961). Further, petitioner did not repay or make restitution of the funds involved here in the year 1985, see and compare James v. United States, supra. Petitioner did not repay or make restitution of the funds at all. A portion of his cash and property was forfeited to *681 the United States as the result of statutory forfeiture provisions, and the forfeiture did not become final until 1987 (or 1986, when certain cash was forfeited to the State of Michigan). Thus, petitioner's argument that the receipt of income in 1985 should be offset by an equivalent deduction for "repayment" or "restitution" in the same year must fail. Finally, petitioner's argument that he never had title to the income, so that it was never his for purposes of taxation, must also fail. It is firmly established that forfeited assets, such as those involved here, are includable in taxable income even if the taxpayer suffers both forfeiture and taxation with respect thereto; the relation-back argument based on 21 U.S.C. § 881(h) (1982) (the RICO statute) is invalid. Wood v. United States, 863 F.2d 417, 419 (5th Cir. 1989); Gambina v. Commissioner, 91 T.C. 826 (1988); Pring v. Commissioner, T.C. Memo. 1989-340. II. Petitioner argues that respondent's determination of income tax liability and additions to the tax herein amounts to "excessive fines" and/or "cruel and unusual punishment" within the *682 meaning of the Eighth Amendment to the United States Constitution. In so arguing, petitioner equates the tax and additions to tax at issue herein with the fact that petitioner was arrested, indicted, convicted, sentenced to imprisonment, and subject to forfeiture with respect to certain assets because of his dealing in drugs. Thus, petitioner makes it appear that his income tax problems constitute a further sanction and forfeiture attributable to his drug dealing conviction. To the contrary, two discrete matters are involved here, which may have certain facts in common, but which are nevertheless separate and distinct matters, each resulting in separate legal obligations and liabilities to the United States. They are: (a) Petitioner's trafficking in illegal drugs. For this activity, he was arrested, convicted, imprisoned, and a portion, not all, of his property was forfeited to the United States in proceedings not before us and over which we have no jurisdiction. (b) Respondent determined that petitioner realized certain taxable income for 1985, using the source and application of funds method. Such determination, as respondent's statutory notice shows, is not limited to *683 income from drug dealing, but reaches income from all sources of petitioner, which did include income from drugs. It was not illegally dealing in drugs which gave rise to the deficiency determination herein, but petitioner's obligation (in common with all other taxpayers) to pay taxes on his income and his failure to fulfill that obligation. Such obligation surely included the duty to pay tax on drug income, and we do not countenance the suggestion that a drug trafficker, having been civilly and criminally punished for his crime, should enjoy freedom from paying income tax, regardless of the source of his gross income. See James v. United States, supra.
We thus conclude that there is no occasion to apply the concept of double jeopardy to the facts of this case, as was done in United States v. Halper, U.S. , 109 S. Ct. 1892 (1989); see Starling v. Commissioner, T.C. Memo. 1989-392. Last but not least, the Eighth Amendment restrictions do not apply to civil matters, nor to courts without criminal jurisdiction. Aker v. Commissioner, 26 T.C. 107 (1956); see Ingraham v. Wright, 430 U.S. 651, 664 (1977). *684 Petitioner's Eighth Amendment complaint should be addressed to the District Court, not to this Court. III. Petitioner next argues, without authority, that forfeiture of petitioner's assets gave rise to a loss which he should be allowed to deduct in computing his 1985 taxable income. The first problem with petitioner's argument is that the forfeiture, as we have found, occurred after the year 1985, the majority of it apparently in the year 1987 and a smaller portion in 1986. In any event, the loss, even if allowable, would not occur in 1985 and would not be deductible against petitioner's 1985 income. Second, it may be conceded that the forfeitures which petitioner suffered were a loss, and that ordinarily they might be deductible under the provisions of section 165. The law is clear, however, that no loss, otherwise properly allowable under section 165, is to be allowed where to do so would violate a clearly defined public policy. Tank Truck Rentals, Inc. v. Commissioner , 356 U.S. 30, 35 (1958). It is clear that there is a clearly defined public policy in the United *685 States against trafficking in narcotics and, where a forfeiture of assets occurs as the result of such drug dealing, a deduction under section 165 with respect thereto is not allowable to the taxpayer. Wood v. United States, supra; Holt v. Commissioner, 69 T.C. 75 (1977), affd. 611 F.2d 1160 (5th Cir. 1980); Pring v. Commissioner, supra; Gillan v. Commissioner, T.C. Memo. 1988-321. IV. Petitioner finally argues that respondent's action is prohibited and precluded on the grounds of res judicata and collateral estoppel (petitioner makes no distinction between the two) because of the prior action of the United States District Court involving the forfeiture of some of petitioner's property. It is clear that neither of these doctrines have any application to the present case. The doctrine of res judicata applies to bar a second lawsuit where the cause of action in that suit is the same as the cause of action in a prior suit which has been finally decided by judgment. See Commissioner v. Sunnen, 333 U.S. 591 (1948). *686 The District Court action to which petitioner refers was a civil forfeiture proceeding pursuant to 21 U.S.C. § 881 (1982). That civil forfeiture matter was a proceeding based on a cause of action entirely different from that which is present in this case, namely, petitioner's liability for Federal income tax under the provisions of the Internal Revenue Code. Obviously, the principles of res judicata do not dictate the result in the instant case. The principles of collateral estoppel, however, may operate to bar the relitigation of a fact which has actually been found in a prior case, even though the causes of action are different, where the parties are the same or in privity, where the facts are the same, and when there has been no change in the law intervening between the time of the first case and the time of the second. Commissioner v. Sunnen, supra; Montana v. United States, 440 U.S. 147 (1979); Peck v. Commissioner, 90 T.C. 162 (1988). Here again, petitioner's argument is badly founded. The prior forfeiture case before the United States District Court for the Western District of Kentucky concerned *687 the forfeiture of specific assets. In its Agreed Order of Dismissal in that forfeiture case, the District Court made no findings of fact having any relevancy to the instant case in determining the amount of petitioner's taxable income. The issue of petitioner's taxable income was not before the District Court. The Order of Dismissal, in declaring that the property to be returned to petitioner and others was to be free and clear of all liens except that of petitioner's counsel, spoke as of the day the order was entered, May 13, 1987, and did not purport to decree that such property was to be free of all liens and encumbrances for all time to come. Respondent's jeopardy assessment herein took place on May 27, 1987. Thus, briefly: there was no finding of fact made in the District Court forfeiture case which has any relevance to the determination of petitioner's correct taxable income, which is in issue in the instant case. The principles of collateral estoppel do not apply. V. We have examined the other arguments made by petitioner and find them without merit. In this case, petitioner had the burden of proof on all issues presented; the principal issues were the correctness *688 of respondent's determination of petitioner's income and the propriety of the additions to tax which respondent determined under sections 6651(a)(1), 6653(a)(1) and (2), 6654, and 6661. Petitioner did not address those issues at all, contenting himself with collateral attacks on respondent's determination, some of which we have discussed above. We conclude that petitioner has failed to carry his necessary burden of proof herein except as to concessions which have been made by respondent. In the absence of books and records, respondent was entitled to redetermine petitioner's income under the sources and application of funds method. Viles v. Commissioner, 233 F.2d 376 (6th Cir. 1956), affg. T.C. Memo. 1955-142. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise * 50 percent of the interest payable under section 6601 on the entire deficiency from the due date of the return to the earlier of the date of payment or the date of assessment.↩
2. The outcome of those proceedings is not disclosed in this record.↩