T.C. Memo. 2003-332

UNITED STATES TAX COURT

KEVIN J. MORSE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11735-00.            Filed December 3, 2003.

<u>Lawrence H. Crosby</u>, for petitioner.

<u>Blaine Holiday</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes, as well as fraud penalties pursuant to section 6663,[1] for 1991-94 in the following amounts:

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

|       |            | Penalty   |
| Year  | Deficiency | Sec. 6663 |
|-------|------------|-----------|
| 1991  | $22,527    | $16,895   |
| 1992  | 21,154     | 15,866    |
| 1993  | 5,096      | 3,822     |
| 1994  | 30,233     | 22,675    |

After concessions, the issues to be decided are:

(1) Whether petitioner is liable for the fraud penalty for each of the years at issue;

(2) whether the doctrines of res judicata, collateral estoppel, and/or double jeopardy bar the assessment of deficiencies and penalties for all years at issue in an amount greater than $61,700; and

(3) whether the period for assessing tax for the years at issue has expired.

                    FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

Petitioner resided in Austin, Minnesota, on the date the petition in this case was filed. During the years at issue, petitioner farmed approximately 700 to 800 acres. He grew soybeans, corn, and other crops. These crops were then sold to various grain elevator companies and canneries in the area. In addition, petitioner worked between 25 and 30 hours a week as a theater manager/projectionist.

Erik Newhouse of Fast Income Tax and Computer Svc. prepared

petitioner's Forms 1040, U.S. Individual Income Tax Return, for 1991-94. On his returns, petitioner reported his adjusted gross income as follows:

|  | 1991 | 1992 | 1993 | 1994 |
|---|---|---|---|---|
| Wages, salaries, tips, etc. | $7,692 | $8,294 | $7,267 | $6,078 |
| Interest | 822 | 233 | 233 | 3,258 |
| Dividends | 18 | 22 | 28 | 32 |
| Capital gain (loss) | (143) | (143) | (143) | -- |
| Other gains (losses) | -- | 3,729 | 57 | 63 |
| Rents, royalties, etc. | 11,056 | 11,056 | 11,183 | 13,998 |
| Farm income (loss) | (14,988) | (10,051) | (6,766) | (6,073) |
| Net operating loss c/o | (16,853) | (15,653) | (5,970) | -- |
| Adjustments to income | -- | -- | -- | -- |
| Adjusted gross income | (12,396) | (2,513) | (5,889) | 17,356 |

On the Schedules F, Profit or Loss From Farming, of his returns, petitioner reported net farm losses for 1991-94 as follows.

|  | 1991 | 1992 | 1993 | 1994 |
|---|---|---|---|---|
| Income |  |  |  |  |
| Sales of products raised | $90,887 | $121,038 | $87,642 | $55,182 |
| Cooperative distributions | 22 | -- | 69 | -- |
| Agricultural program payments | 13,310 | 14,554 | 28,317 | 44,927 |
| Crop insurance proceeds | 14,123 | -- | -- | -- |
| Other income | 288 | 281 | 377 | 458 |
| Gross income | 118,630 | 135,873 | 116,405 | 100,567 |
| Expenses | (133,618) | (145,924) | (123,171) | (106,640) |
| Net farm profit (loss) | (14,988) | (10,051) | (6,766) | (6,073) |

In April 1998, petitioner was indicted in the U.S. District Court for the District of Minnesota on four counts of filing false tax returns in violation of section 7206(1). The indictment charged that for 4 separate years (1991-94) petitioner willfully made and subscribed to Federal income tax returns

(verified by petitioner's written declaration made under penalties of perjury) which he did not believe to be true and correct as to every material matter. The indictment charged that the returns falsely stated petitioner's total income as negative $12,396 in 1991, negative $2,513 in 1992, negative $5,889 in 1993, and $17,356 in 1994, whereas he knew he was failing to report additional income of $75,799 in 1991, $39,900 in 1992, $24,481 in 1993, and $68,713 in 1994.

Petitioner was tried and convicted on all four counts. His conviction was affirmed by the U.S. Court of Appeals for the Eighth Circuit, United States v. Morse, 210 F.3d 380 (8th Cir. 2000), and his petition for certiorari was denied, 531 U.S. 1079 (2001). Petitioner was sentenced to imprisonment for a term of 18 months and ordered to pay a fine of $10,000 and to make restitution of $61,700 to the Internal Revenue Service (IRS).

With respect to the fine, the judgment specified that interest on the fine was waived because the court determined that petitioner did not have the ability to pay interest. The judgment did not waive interest with respect to the restitution petitioner was ordered to make to the IRS. Petitioner paid the fine and restitution on or before September 14, 1999.

On August 17, 2000, respondent sent to petitioner a statutory notice of deficiency, determining deficiencies in Federal income tax and fraud penalties for 1991-94. The

deficiencies were based in large part upon respondent's reconstruction of petitioner's income using the bank deposits method. Respondent determined that petitioner received unreported income from crop sales (which he deposited into his checking account at Farmer's State Bank). Specifically, respondent determined that petitioner's tax liability for 1991-94 should be increased as follows:

| Adjustment | 1991 | 1992 | 1993 | 1994 |
|---|---|---|---|---|
| NOL carryover | $16,853 | $15,653 | $5,970 | -- |
| Patronage dividend | -- | -- | 162 | -- |
| Schedule F | | | | |
|   Rent expense | -- | 10,000 | -- | $6,912 |
|   Sales of grain | 75,800 | 42,714 | 26,127 | 68,713 |
|   Seed expense | -- | 10,000 | -- | -- |
|   Taxes paid | -- | -- | -- | 2,241 |
| Self employment | (3,648) | (3,632) | (1,380) | (4,342) |
|   Total | 89,005 | 74,735 | 30,879 | 73,524 |
| Increase in tax | 22,527 | 21,154 | 5,096 | 30,233 |

On November 16, 2000, petitioner filed a petition with this Court, disputing the full amount of the deficiencies and penalties. Petitioner now concedes that, on his 1991-94 returns, he omitted grain sale receipts of $75,799 in 1991, $39,900 in 1992, $24,481 in 1993, and $68,713 in 1994. Respondent concedes all other adjustments to Schedule F. Respondent also concedes the net operating losses for 1991-93, as well as the patronage dividend in 1993.

OPINION

Issue 1.  <u>Whether Petitioner Is Liable for the Fraud Penalty</u>
<u>Pursuant to Section 6663(a)</u>

Respondent contends that petitioner is liable for the fraud penalty under section 6663(a) for 1991-94.  Section 6663(a) imposes a penalty in an amount equal to 75 percent of the portion of any underpayment of tax (required to be shown on a return) that is attributable to fraud.  In addition, if respondent establishes that any portion of the underpayment is attributable to fraud, the entire underpayment is treated as attributable thereto, except to the extent that petitioner establishes otherwise.  Sec. 6663(b).

Respondent bears the burden of proving the applicability of the civil fraud penalty by clear and convincing evidence.  Sec. 7454(a); Rule 142(b).  To sustain this burden, respondent must establish both (1) that there was an underpayment of tax for each taxable year in issue and (2) that at least some portion of the underpayment for each year was due to fraud.  <u>DiLeo v. Commissioner</u>, 96 T.C. 858, 873 (1991), affd. 959 F.2d 16 (2d Cir. 1992); <u>Parks v. Commissioner</u>, 94 T.C. 654, 660-661 (1990); <u>Petzoldt v. Commissioner</u>, 92 T.C. 661, 699 (1989).

1.  <u>Underpayments of Tax</u>

An underpayment of tax will exist where unreported gross receipts exceed the costs of goods sold and deductible expenses. Where the Commissioner provides clear proof of unreported

receipts, the burden of coming forward with offsetting costs or expenses generally shifts to the taxpayer. Siravo v. United States, 377 F.2d 469, 473-474 (1st Cir. 1967); Elwert v. United States, 231 F.2d 928, 933 (9th Cir. 1956); United States v. Bender, 218 F.2d 869, 871-872 (7th Cir. 1955); United States v. Stayback, 212 F.2d 313, 317 (3d Cir. 1954).

Petitioner has stipulated that he omitted from his Federal tax returns grain sale receipts of $75,799 in 1991, $39,900 in 1992, $24,481 in 1993, and $68,713 in 1994. Furthermore, petitioner's conviction under section 7206(1) is highly probative that he received unreported receipts from the sale of crops.

Petitioner does not assert, and has not provided any evidence, that the cost of goods sold for any of the years at issue exceeds the cost of goods sold as reported on his 1991-94 returns. Thus, respondent has carried the burden of establishing underpayments by clear and convincing evidence.

2. Fraudulent Intent

Respondent must also prove fraudulent intent. This burden is met if it is shown that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81. Fraud is never presumed; it must be established by affirmative evidence. Beaver v. Commissioner, 55 T.C. 85, 92

(1970).  Since direct evidence of fraud rarely is available, respondent may prove petitioner's fraud by circumstantial evidence.  Scallen v. Commissioner, 877 F.2d 1364, 1370 (8th Cir. 1989), affg. T.C. Memo. 1987-412; Klassie v. United States, 289 F.2d 96, 101 (8th Cir. 1961).

Conduct that may indicate fraudulent intent, commonly referred to as "badges of fraud", includes, but is not limited to:  (1) Understating income; (2) maintaining inadequate records; (3) giving implausible or inconsistent explanations of behavior, (4) concealing income or assets, (5) failing to cooperate with tax authorities, (6) engaging in illegal activities, (7) providing incomplete or misleading information to one's tax preparer, (8) lack of credibility of the taxpayer's testimony, (9) filing false documents, including filing false income tax returns, (10) failing to file tax returns, and (11) dealing in cash.  Spies v. United States, 317 U.S. 492, 499 (1943); Conti v. Commissioner, 39 F.3d 658, 662 (6th Cir. 1994), affg. and remanding on other grounds T.C. Memo. 1992-616; Douge v. Commissioner, 899 F.2d 164, 168 (2d Cir. 1990); Scallen v. Commissioner, supra; Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Recklitis v. Commissioner, 91 T.C. 874, 910 (1988).  Although no single factor is necessarily sufficient to establish fraud, a combination of several factors is persuasive circumstantial evidence of fraud.

Bradford v. Commissioner, supra at 307; Petzoldt v. Commissioner, supra at 700. An intent to mislead may be inferred from a pattern of conduct. Webb v. Commissioner, supra at 379.

The following badges of fraud are present in this case: (1) Substantially understating income for several years, (2) providing incomplete or misleading information to his tax preparer, and (3) being convicted of filing false returns under section 7206(1). Bradford v. Commissioner, supra at 307-308; Korecky v. Commissioner, 781 F.2d 1566, 1569 (11th Cir. 1986), affg. T.C. Memo. 1985-63; Ruark v. Commissioner, 449 F.2d 311, 312-313 (9th Cir. 1971), affg. T.C. Memo. 1969-48; Wright v. Commissioner, 84 T.C. 636, 643-644 (1985); Farber v. Commissioner, 43 T.C. 407, 420 (1965), modified 44 T.C. 408 (1965); Medlin v. Commissioner, T.C. Memo. 2003-224; Le v. Commissioner, T.C. Memo. 2003-219; Sowards v. Commissioner, T.C. Memo. 2003-180; Ishler v. Commissioner, T.C. Memo. 2002-79.

Over a 4-year period, petitioner consistently underreported large amounts of gross receipts and net income. Petitioner provided no explanation for underreporting his gross receipts. A consistent pattern of underreporting large amounts of income over a period of years is substantial evidence bearing upon an intent to defraud, particularly where the reason for such understatement is not satisfactorily explained or shown to be due to innocent mistake. Holland v. United States, 348 U.S. 121, 137 (1954);

Webb v. Commissioner, supra at 379; Lusk v. Commissioner, 250 F.2d 591, 594 (7th Cir. 1958), affg. T.C. Memo. 1955-119; Schwarzkopf v. Commissioner, 246 F.2d 731, 734 (3d Cir. 1957), affg. and remanding T.C. Memo. 1956-155; Kurnick v. Commissioner, 232 F.2d 678, 681 (6th Cir. 1956), affg. T.C. Memo. 1955-31.

Petitioner did not advise his tax preparer of the income omitted from his returns. Concealing income from one's return preparer can be evidence of fraud. Korecky v. Commissioner, supra at 1569; Farber v. Commissioner, supra at 420; Medlin v. Commissioner, supra; Le v. Commissioner, supra; Sowards v. Commissioner, supra; Ishler v. Commissioner, supra.

Moreover, petitioner was convicted of filing false Federal income tax returns under section 7206(1) for each of the years at issue. Section 7206(1) makes it a crime for a taxpayer to willfully make and submit any return verified by a written declaration that it is made under the penalties of perjury which he does not believe to be true and correct as to every material matter. Wright v. Commissioner, supra at 639. A taxpayer who has been convicted of willfully and knowingly subscribing to a false income tax return under section 7206(1) is not collaterally estopped from contesting that he or she is liable for the addition to tax for fraud because a conviction under section 7206(1) does not require a showing that the taxpayer willfully attempted to evade tax. However, a conviction for filing false

Federal income tax returns under section 7206(1) is highly persuasive evidence that the taxpayer intended to evade tax. Stefansson v. Commissioner, T.C. Memo. 1994-162; Avery v. Commissioner, T.C. Memo. 1993-344; Miller v. Commissioner, T.C. Memo. 1989-461.

In First Trust & Sav. Bank v. United States, 206 F.2d 97, 100 (8th Cir. 1953), the U.S. Court of Appeals for the Eighth Circuit, the court to which an appeal in this case would lie, cited with approval United States v. Croessant, 178 F.2d 96, 97 (3d Cir. 1949), wherein the U.S. Court of Appeals for the Third Circuit stated:

> the man who files a wilfully false return has endeavored to mislead his government. He creates the appearance of having complied with the law, whereas his neighbor who has filed no return does no such thing. Not only has he created the appearance of complying, but that apparent compliance stands a good chance of remaining unattacked, for the tax authorities cannot possibly audit every taxpayer's return every year. * * * The law has always distinguished between failing to disclose useful information and making a disclosure which is a lie.

Petitioner's intentional filing of a false tax return each year from 1991 to 1994, reporting amounts of income which he knew to be false, is a strong indicium of fraudulent intent with respect to those years. Klassie v. United States, supra at 102. Absent some credible evidence that knowingly filing a false return should not be considered indicative of fraud, a section 7206(1) conviction is highly persuasive of fraud. Id. at 101;

Biaggi v. Commissioner, T.C. Memo. 2000-48, affd. 8 Fed. Appx. 66 (2001); Wilson v. Commissioner, T.C. Memo. 1994-454; Avery v. Commissioner, supra; Williamson v. Commissioner, T.C. Memo. 1993-246.

Petitioner has failed to submit credible evidence that he knowingly filed the false returns for any reason other than to evade taxes he knew to be owing. Thus, we conclude that petitioner fraudulently intended to underpay his tax for each of the years at issue.

Further, petitioner has failed to submit credible evidence showing that any part of the underpayment attributable to the omitted income is not due to fraud. To the contrary, the record establishes by clear and convincing evidence that the entire underpayment for each year is due to fraud. Accordingly, we hold that petitioner is liable for the section 6663 civil fraud penalty on the entire underpayment for each year at issue. Sec. 6663(b).

Issue 2.   Whether the Doctrines of Res Judicata, Collateral Estoppel, and/or Double Jeopardy Bar Assessment of Deficiencies and Interest for All of the Years at Issue in an Amount Greater Than $61,700

Petitioner asserts that the doctrines of res judicata, collateral estoppel, and/or double jeopardy preclude retrial of, or estop respondent with respect to, the liabilities before this Court. We disagree.

The doctrine of res judicata bars relitigating the same cause of action.  The doctrine applies to a claim if it was, or could have been, litigated as part of the cause of action in a prior case.  Commissioner v. Sunnen, 333 U.S. 591, 597-598 (1948); Cromwell v. County of Sac, 94 U.S. 351, 352 (1876); Baptiste v. Commissioner, 29 F.3d 433, 435-436 (8th Cir. 1994), affg. T.C. Memo. 1992-198; Trost v. Commissioner, 95 T.C. 560, 566 (1990).  The doctrine of res judicata applies only to issues determined by a court of competent jurisdiction.  Montana v. United States, 440 U.S. 147, 153 (1979).

The doctrine of collateral estoppel, or issue preclusion, provides that once an issue of fact or law is "actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."  Id.  The preclusive effect of a prior court's factual determination depends on whether the prior court had jurisdiction to, and did, determine the fact at issue.  Brotman v. Commissioner, 105 T.C. 141, 153 (1995).  For collateral estoppel to apply, resolution of the disputed issue must have been essential to the prior decision.  Meier v. Commissioner, 91 T.C. 273, 282 (1988).

Petitioner was found guilty of willfully filing false income tax returns for 1991-94 in violation of section 7206(1).  It was

not an essential element of the indictment to charge petitioner with any specific tax liability or amount. Instead, he was charged with receiving income that he knowingly failed to report on his 1991-94 returns. Establishing petitioner's specific tax liabilities is not an element of section 7206(1), and consequently no specific income tax liabilities needed to be determined. M.J. Wood Associates, Inc. v. Commissioner, T.C. Memo. 1998-375. Petitioner contends that in the restitution order incorporated in the judgment of the criminal proceeding the District Court adjudicated the amounts of tax, interest, and penalties he owed. These contentions are not supported by the record. Petitioner was ordered to pay a fine and make restitution to the IRS for years 1991-94. The District Court did not adjudicate the amount of petitioner's civil tax liabilities or make ultimate findings of fact upon which estoppel could be grounded. Consequently, the doctrines of res judicata and collateral estoppel do not apply. See Hickman v. Commissioner, 183 F.3d 535, 538 (6th Cir. 1999), affg. T.C. Memo. 1997-566.

Next, petitioner argues that the imposition of the civil fraud addition to tax on top of his prison sentence and fine relating to his criminal conviction would constitute double jeopardy and would violate the U.S. Constitution. Petitioner maintains that subjecting him to the fraud penalty in this case

would cause him to be punished twice for the same offense in violation of the double jeopardy clause.  We disagree.

The double jeopardy clause "protects only against the imposition of multiple <u>criminal</u> punishments for the same offense."  <u>Hudson v. United States</u>, 522 U.S. 93, 99 (1997).  The Supreme Court has held that Congress may impose both criminal and civil sanctions with regard to the same acts without violating the double jeopardy clause of the U.S. Constitution.  <u>Id.</u>; <u>Kennedy v. Mendoza-Martinez</u>, 372 U.S. 144 (1963); <u>Spies v. United States</u>, 317 U.S. 492 (1943); <u>Helvering v. Mitchell</u>, 303 U.S. 391, 399 (1938); <u>I & O Publg. Co. v. Commissioner</u>, 131 F.3d 1314 (9th Cir. 1997), affg. <u>Ward v. Commissioner</u>, T.C. Memo. 1995-286; <u>United States v. Alt</u>, 83 F.3d 779 (6th Cir. 1996); <u>Grimes v. Commissioner</u>, 82 F.3d 286 (9th Cir. 1996); <u>Ianniello v. Commissioner</u>, 98 T.C. 165, 176-187 (1992).  The fraud penalties "are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud."  <u>Helvering v. Mitchell</u>, <u>supra</u> at 401.  The civil tax penalty for fraud is not a punishment for purposes of the Double Jeopardy Clause of the Fifth Amendment.  <u>Id.</u> at 398; see also <u>McNichols v. Commissioner</u>, 13 F.3d 432 (1st Cir. 1993), affg. T.C. Memo. 1993-61; <u>Ianniello v. Commissioner</u>, <u>supra</u> at 176-185.

Imposing the fraud penalty under section 6663 on petitioner for the years at issue does not violate the Double Jeopardy Clause. <u>Barnette v. Commissioner</u>, 95 T.C. 341 (1990); <u>Starling v. Commissioner</u>, T.C. Memo. 1989-392, affd. 954 F.2d 729 (11th Cir. 1992).

Finally, petitioner argues that he has paid the $61,000 restitution ordered by the District Court and that the Government cannot be permitted to recover twice on the same tax liability. This Court has jurisdiction to determine whether a deficiency or overpayment exists. Should it ultimately be determined that petitioner has made payments in excess of any redetermined tax liability, this Court has jurisdiction to decide the correct amount of any overpayment in the taxable years before the Court. Sec. 6512(b). That is so whether payments were made under the District Court's restitution order or for any other reason. See <u>M.J. Wood Associates, Inc. v. Commissioner</u>, <u>supra</u>.

Issue 3.  <u>Whether, Pursuant to Section 6501, the Period for Assessing Tax Has Expired for the Years at Issue</u>

Generally, the Commissioner must assess tax within 3 years after the due date of a timely filed return. Sec. 6501(a). However, if the return is false or fraudulent with the intent to evade tax, the tax may be assessed at any time. Sec. 6501(c)(1). Since the notice of deficiency was mailed to petitioner more than 3 years after the due dates of the 1991-94 returns, respondent bears the burden of proving that an exception to the 3-year limit

on the time to assess tax applies.  <u>Wood v. Commissioner</u>, 245 F.2d 888, 893-895 (5th Cir. 1957), affg. in part and revg. in part T.C. Memo. 1955-301; <u>Bardwell v. Commissioner</u>, 38 T.C. 84, 92 (1962), affd. 318 F.2d 786 (10th Cir. 1963).  Because respondent has proved that petitioner's underpayment of tax for each year at issue was due to fraud, the assessment of tax deficiencies for each year involved is not barred by the statute of limitations.  Sec. 6501(c)(1); <u>Meier v. Commissioner</u>, 91 T.C. at 303.

To reflect the foregoing and concessions by respondent,

<u>Decision will be entered under Rule 155</u>.